IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES D.J. BARNES,

    Petitioner,

v.  No. 24-cv-0248-MIS-KK

FIFTH JUDICIAL DISTRICT COURT, *et al.*,

    Respondents.

## ORDER OF DISMISSAL

This matter is before the Court following Petitioner Charles D.J. Barnes' failure to comply with Fed. R. Civ. P. 8(a) as directed. Barnes is a state prisoner and is proceeding *pro se*. He initiated this case by filing a Habeas Corpus Direct Appeal/Administrative Appeal from New Mexico's Fifth Judicial District Court ("Opening Petition"). ECF No. 1. The Opening Petition ostensibly seeks to appeal a state trial court ruling. It also cites 28 U.S.C. § 2254 and may challenge a state criminal conviction. After filing the Opening Petition, Barnes submitted over twenty appendices, briefs, notices, and supplemental filings. *See* ECF Nos. 2-11; 13-25. The submissions consist of over 400 pages. Some of the submissions raise habeas arguments, and others appear to assert civil rights claims under 42 U.S.C. § 1983.

By an Order entered April 15, 2025, the Court explained that it cannot sort through various filings and supplements in an attempt to piece together Barnes' claim ("Screening Ruling"). *See* ECF No. 26; *see also Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). Shotgun filings are "pernicious" because they "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining

which of those claims might have legal support." *D.J. Young Publ'g Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, Civil Action No. 12–CV–2011–KHV, 2012 WL 4211669, at *3 (D. Kan. Sep. 18, 2012); *see also McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) (allowing shotgun pleadings to survive screening "would force the Defendants to carefully comb through [the documents] to ascertain which … pertinent allegations to which a response is warranted").

The Court directed Barnes to file a single, amended pleading that complies with Fed. R. Civ. P. 8(a). That rule requires each federal litigant to file a short and plain statement of the grounds for relief. Barnes was advised that any amended pleading must contain legible handwriting; indicate who did what to whom; and contain a clear request for relief. The Screening Ruling explained the difference between habeas proceedings, which challenge a criminal conviction, and civil rights actions, which are used to challenge prison conditions. Barnes was advised that the Court will not consider 42 U.S.C. § 1983 claims and habeas claims in one proceeding. *See Sherratt v. Friel*, No. 07-4155, 2008 WL 313177, *1 (10th Cir. 2008) (affirming dismissal of habeas petition that referenced prison conditions, since those claims should be brought under Section 1983); *Bentley v. Kan. Sec'y of Corr.*, No. 99-3163, 1999 WL 617719, *1 (10th Cir. 1999) (same). The Screening Ruling warns that the failure to timely comply with the above instructions may result in dismissal without further notice. It also warns that if Barnes continues to file piecemeal supplements, the Court may dismiss this case for violating Rule 8(a).

Barnes did not follow these instructions. After entry of the Memorandum Opinion and Order, he filed eight submissions:

(a) Brief and Analysis of Grievances that Include Violations of Human Rights – 8

Amendment, 9 Amendment, Corrected Statutory Violations of Privacy (ECF No. 27), which states prison officials do not "seek the … truth" and appears to allege corrections officers listened to Barnes' private conversations.

(b) Request for Propia Persona Forms, which references certain attorneys and a "civil presentation hearing" (ECF No. 28).

(c) Notification of Authorities/Request Motion of Resolution 1 Amendment; 6 Amendment; 9 Amendment (ECF No. 29), which references a document exchange that resulted in out-of-order pages.

(d) Notification to Court of Non-Transfer of Documents, which appears to state Barnes cannot comply with certain document requests (ECF No. 30).

(e) Brief/Analysis on Classification Appeals that Concern Error[s in] JNS [Judgment and Sentence] and Classification (ECF No. 31), which appears to reference a prison classification decision and an illegal state sentence.

(f) A second copy of ECF No. 31, submitted three weeks later as ECF No. 32.

(g) Notification of Authorities/1 Amendment/6 Amendment Art. VI U.S.C. (ECF No. 33), in which Barnes asks the Court to check his prison account balance.

(h) Notification of Authorities/1 Amendment; 6 Amendment VI Amendment (ECF No. 34), which requests paperwork regarding disabilities.

These filings do not comply with Rule 8(a) or the Screening Ruling, for several reasons. The Court still cannot discern which claims Plaintiff seeks to assert. His claims are not confined to a single pleading, as instructed, and striking extraneous submissions would not cure the defect because each filing appears to focus on a different legal theory. The filings are also sometimes

illegible.  It is not clear who did what to whom, nor do the filings properly identify the respondents/defendants who were involved in the alleged wrongdoing.  The captions of the filings variously list the New Mexico Corrections Department; certain prisons; and possibly this Court, which is not involved with Barnes' state conviction or prison conditions.  Barnes also continues to assert civil rights claims alongside his habeas claims.

For these reasons, the Court will dismiss this case pursuant to Fed. R. Civ. P. 41(b) for "failure to … comply with the … court's orders" and, alternatively, pursuant to Rule 8(a) for failure to file a short, plain statement as instructed.  *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).  The dismissal will be entered without prejudice, since it is unclear what specific claims are being dismissed.  *See Fontana v. Pearson,* 772 F. App'x 728, 729 (10th Cir. 2019) ("If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice."); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) (applying the same rule under Rule 41).

Most inmates are able to refile their claims following a dismissal without prejudice.  In this case, however, it is not possible to discern the scope of the claims or when such claims arise for the purposes of any statute of limitations.  To the extent some claim is barred by the statute of limitations, the *Ehrenhaus* factors still support this ruling.  *See Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (requiring courts to consider factors such as prejudice; interference with the judicial process; the movant's culpability; prior dismissal warnings; and the efficacy of lesser sanctions).  Barnes was given detailed instructions on how to comply with Rule 8(a) and was warned that this case would be dismissed if he failed to file a cogent pleading and continued to submit piecemeal supplements.  Barnes' numerous piecemeal pleadings interfere with the judicial

process. Ordering any state official to answer the filings would cause prejudice, as the claims are still unclear. It appears unlikely that additional admonishments would change the result. And, while Barnes may suffer from mental health issues, *see* ECF No. 34, he is a frequent filer and has been counseled many times on Rule 8(a) and the federal pleading requirements. *See Barnes v. N.M. Dep't of Corr.*, No. 21-2095, 2022 WL 2189548, at *3 (10th Cir. June 17, 2022) (affirming dismissal of Barnes' civil complaint); *Barnes v. New Mexico Dep't of Corr.*, No. 1:22-cv-00468-KWR-LF, 2023 WL 1993827, at *1 (D.N.M. Feb. 14, 2023) (counseling Barnes on Rule 8(a) and the federal pleading requirements).

In sum, dismissal is appropriate pursuant to Rule 8(a), Rule 41(b), and - if it applies - *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992). Moreover, because this Court has not assessed any filing fee or considered Barnes' *in forma pauperis* status, this dismissal "does not count as a strike under [28 U.S.C.] § 1915(g)." *See Carbajal v. McCann*, 808 F. App'x 620, 629 (10th Cir. 2020) (addressing the three-strike rule for *in forma pauperis* litigants). To the extent Barnes' filings raise any state habeas claims, the Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11. *See Barnes v. N.M. Dep't of Corr.*, Summary Order entered October 31, 2023 (requiring the District Court to grant or deny a COA following the dismissal of Barnes' piecemeal pleadings).

**IT IS ORERED** that this case, including each amended submission (**ECF. 27 - 34**) filed by Charles D.J. Barnes, is **DISMISSED without prejudice** pursuant to Rule 41(b) and, alternatively, pursuant to Rule 8(a).

**IT IS FURTHER ORDERED** that, to the extent necessary, a certificate of appealability is **DENIED**.

**IT IS FINALLY ORDERED** that the Court will enter a separate judgment closing the civil case.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE